UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ALEXANDER GERDING,

               *Plaintiff*,

    -against-                                       1:21-cv-07958 (ALC)

AMERICAN KENNEL CLUB aka AKC, DLM                **OPINION**
CAPITAL, LLC aka DLM, MR. DOUG LJUNGREN,
MR. DENNIS B. SPRUNG, and MRS. DEBRA
MARKWARDT,

               *Defendants*.

------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

       On July 23, 2023, Plaintiff Alexander Gerding, proceeding *pro se*, submitted a motion for reconsideration (ECF No. 97) of (1) the Court's July 18, 2023 Opinion & Order (ECF No. 95) granting Defendants' motions to dismiss Plaintiff's Second Amended Complaint ("SAC") (ECF No. 56); and (2) the Court's June 30, 2023 Order granting Defendant DLM Capital, LLC's ("DLM," formerly known as North America Diving Dogs ("NADD")) name change (ECF No. 94). Defendants DLM and Debra Markwardt (collectively, "DLM Defendants"); and American Kennel Club ("AKC"), Doug Ljungren, and Dennis B. Sprung (collectively, "the AKC Defendants") filed oppositions. ECF Nos. 101-102. Plaintiff's motion is **DENIED**.

## BACKGROUND

       The Court assumes the parties' familiarity with the facts and procedural background of this case, which are set forth more fully in the Order granting Defendants' motions to dismiss, ECF Nos. 69-60. ECF No. 95. In short, Plaintiff's motion for reconsideration is premised on his

1

belief that the Court erred in dismissing as moot his Motion to Compel Arbitration and denying his Motion for Leave to Amend his Complaint.

## DISCUSSION

A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Plaintiff's motion is therefore timely. The Court evaluates a motion to amend a judgment under Federal Rule of Civil Procedure 59(e) under the same standard as a motion for reconsideration under Local Rule 6.3. *Magee v. Walt Disney Co.*, No. 19-CV-10274 (AJN), 2021 WL 4805463, at *1 (S.D.N.Y. Oct. 13, 2021).

"A court may grant a motion to alter or amend a judgment where (1) there is an intervening change in the controlling law; (2) new evidence previously not available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Peterson v. Syracuse Police Dept.*, 467 F. App'x 31, 34 (2d Cir. 2012). "To succeed on a motion for reargument, the moving party must demonstrate that the court overlooked the controlling decisions or factual matters that were placed before the court in the underlying motion." *Lopez v. Comm'r of Soc. Sec.*, 2002 WL 465298, at *1 (S.D.N.Y. March 27, 2002) (quotations and citations omitted); *see also Tanner v. MTA Long Island R.R.*, 2023 WL 2889456 (S.D.N.Y. Apr. 10, 2023) (same). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Montanile v. Nat'l Broad. Co.*, 216 F.Supp.2d 341, 342 (S.D.N.Y. 2002) (citation and quotation marks omitted). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"In addressing the present motion [for reconsideration], the Court is mindful that the plaintiff is proceeding pro se and that his submissions should be held 'to less stringent standards than formal pleadings drafted by lawyers,'. . . [but his] pro se status 'does not exempt [him] from compliance with relevant rules of procedural and substantive law.'" *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 350 (S.D.N.Y. 2003) (citations omitted)).

Here, Plaintiff Gerding has asked that the Court reconsider its July 18, 2023 Decision, but has not shown sufficient material facts or law that would warrant overturning our prior ruling. The Court carefully considered the parties' arguments on each of Plaintiff's claims: "consumer fraud" and "business fraud" (Counts I & V); constitutional violations (Counts II & III); "monopolization" under the Sherman Antitrust Act (Count IV); "hidden commission taking" under 18 U.S.C. § 1346 (Count VI); violations of the Animal Welfare Act (Count VIII); "falsification of business records and show records and show results" under 18 U.S.C. § 1001 (Count IX); and violations of AKC's tax-exempt status under 26 U.S.C. § 501(c)(4) (Count XI); "retaliation, libel, and defamatory statement per se" (Count VII); "breaches of contract" (Count X); and "discrimination from an equal employment or self-employment opportunity" and "obliteration and impediment of a professional career" (Count XII). SAC. The Court weighed those arguments against the facts alleged in the SAC and found that it did not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has merely reiterated arguments that he raised in his SAC and opposition to Defendants' motions to dismiss. Additionally, Plaintiff challenges the Court's decision to dismiss as moot his Motion to Compel Arbitration because Plaintiff's Complaint was dismissed

with prejudice, and deny his Motion for Leave to Amend his Complaint because Plaintiff failed to allege sufficient facts to support any viable claims, and leave to amend would be futile.

As this Court has held before, "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Canfield v. SS&C Techs. Holdings, Inc.*, 2021 WL 1026128, at *1 (S.D.N.Y. Mar. 17, 2021). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cedar Petrochems., Inc. v. Dongbu Hannong Chem. Co.*, 628 Fed. App'x 793, 796 (2d Cir. 2015) (quotation omitted). A moving party is not permitted to use a motion for reconsideration as a means to "relitigate[e] old issues, present[] the case under new theories, secur[e] a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff has not demonstrated that the Court committed clear error in its Opinion & Order, ECF No. 95.

Plaintiff also challenges the Court's June 30, 2023 Order granting Defendant DLM Capital, LLC's name change, ECF No. 94. However, Plaintiff's challenge is untimely and has no merit. Plaintiff has not shown that DLM's name change has any bearing on his SAC.

Therefore, Plaintiff's motion for reconsideration is denied in full.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 97.

**SO ORDERED.**

**Dated:**     **April 24, 2025**
               **New York, New York**

                                             **ANDREW L. CARTER, JR.**
                                             **United States District Judge**